# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| THOMAS BRADY MATHIS, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| vs. | : | NO. 90-3467 |
| | : | |
| SUPERINTENDENT | : | |
| JOSEPH M. RYAN, et al., | : | |
| Defendants | : | |

## M E M O R A N D U M

STENGEL, J.                                                                September 30, 2013

      Thomas Brady Mathis is a prisoner at the State Correctional Institution at Coal Township, Pennsylvania. He is currently serving a life sentence, imposed after he was convicted in April 1972 of first-degree felony murder and other crimes. Mr. Mathis now moves *pro se* for: (1) relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure; (2) *in forma pauperis* status; and (3) appointment of counsel. He seeks relief from the Order of the late Honorable Louis H. Pollak which approved and adopted the Report and Recommendation of the late Honorable William F. Hall, Jr. Judge Hall recommended denying Mr. Mathis's petition for *habeas corpus*. See Mathis v. Ryan, No. 90-3467 (E.D. Pa. Nov. 3, 1992 (adopting Report and Recommendation that petition be denied on the merits). Mr. Mathis did not file an appeal. For the following reasons, I will deny the motion for 60(b) relief in its entirety. I will also deny as moot the motion to proceed *in forma pauperis* and for appointment of counsel.

## I. BACKGROUND[1]

In September 1971, Sebastiano Patiri was robbed and fatally stabbed at his home in Northampton County. Mr. Mathis was arrested and charged with murder, burglary, larceny, and robbery with an offensive weapon. The Commonwealth sought to prove both an intentional killing and felony murder. A jury convicted Mr. Mathis of all charges. He was sentenced to life imprisonment on the murder conviction and received concurrent sentences on the other convictions. The Pennsylvania Supreme Court affirmed the convictions. See Commonwealth v. Mathis, 333 A.2d 846 (Pa. 1975).

Mr. Mathis filed a petition for relief under the Post-Conviction Hearing Act. The Court of Common Pleas of Northampton County denied his petition. The Pennsylvania Supreme Court affirmed. See Commonwealth v. Mathis, 398 A.2d 968 (Pa. 1979). He filed several other PCRA petitions over the next few years which were all dismissed as untimely. He also filed several petitions for writ of *habeas corpus* in state court which were construed as PCRA petitions and denied. These trial court decisions were affirmed by the Superior Court of Pennsylvania.

In addition to the petition for writ of *habeas corpus* which Judge Pollak denied on November 3, 1992, Mr. Mathis filed a second petition seeking *habeas corpus* relief on December 15, 2006, challenging the same conviction and sentence. Judge Pollak denied

---

[1] The majority of facts are taken from the unreported opinion of the Commonwealth Court of Pennsylvania in a related civil action. The court denied an appeal of the decision of the Court of Common Pleas of Northampton County which sustained the preliminary objections of the District Attorney and dismissed Mr. Mathis's complaint. See Mathis v. Northampton County Court of Common Pleas, et al., No. 2160 C.D. 2010, 2011 Pa. Commw. Unpub. LEXIS 575, *1-2 (Pa. Commw. Ct. July 18, 2011).

the petition as a second or successive petition filed without authorization from the Court of Appeals. See Mathis v. Wynder, et al., No. 06-4833 (E.D. Pa. Jan. 9, 2007) (dismissing petition as unauthorized second or successive petition).

## II. STANDARD FOR RULE 60(b) MOTIONS

Rule 60(b) of the Federal Rules of Civil Procedure permits a district court to grant relief from a final judgment based upon fraud, misrepresentation or misconduct by an opposing party; because the judgment is void; or "any other reason that justifies relief." FED.R.CIV.P. 60(b)(3), (4) and (6). In evaluating a Rule 60(b) motion, the district court must determine whether the Antiterrorism and Effective Death Penalty Act's limits on successive petitions apply. See Gonzalez v. Crosby, 545 U.S. 524, 529 (2005). A Rule 60(b) motion shall be treated as a successive *habeas* petition if it is "in substance a *habeas corpus* application." Id. at 531. If the motion is construed as a second or successive *habeas* petition, the district court does not have jurisdiction to entertain the motion unless the petitioner is authorized by the court of appeals to file a successive petition. See Burton v. Stewart, 549 U.S. 147, 153 (2007).

In Gonzalez, the Supreme Court provided several examples of Rule 60(b) motions that were actually *habeas* claims, including a motion seeking leave to present newly discovered evidence, a motion attacking the effectiveness of trial counsel, and a motion seeking relief for "any other reason" under Rule 60(b)(6). Id.; see also Pridgen v. Shannon, 380 F.3d 721, 727 (3d Cir. 2004) ("[W]hen the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive *habeas* petition.")

3

## III. DISCUSSION

A review of the arguments advanced in support of Mr. Mathis's Rule 60(b) motion reveals that it is, in essence, a second *habeas* petition. Mr. Mathis wants the claims that were raised and denied in his original petition for *habeas corpus* to be re-opened and reviewed properly. Specifically, he claims that the trial court's jury instructions were flawed, that the trial court erred by not establishing Mr. Mathis's intent, that the verdict was against the weight of the evidence, and that the Commonwealth used a direct filing in his case "as an authorization to transfer 18 P.S. § 4701, § 701(a) to 18 Pa. C.S.A. § 2502(a)." He claims that the Commonwealth's direct filing is newly discovered evidence for him and should establish his actual innocence. All of these claims were brought in his first petition for *habeas corpus* in this court and denied on the merits. Mr. Mathis did not file an appeal.

Despite Mr. Mathis's assertions to the contrary, the current motion simply seeks to re-litigate his claims to support his contention that he is improperly confined pursuant to an unconstitutional statute. Mr. Mathis raised these claims in post-conviction relief petitions and petitions for *habeas corpus* in state court. Those petitions were denied. Mr. Mathis also at least twice unsuccessfully sought permission from the Court of Appeals for the Third Circuit to file a second or successive habeas petition to have the claims considered. On December 23, 2009, the Third Circuit denied the request*:*

> The foregoing application under 28 U.S.C. § 2244 to file a second or successive *habeas corpus* petition is denied. The proposed petition would constitute an abuse of the writ under pre-AEDPA jurisprudence, and Petitioner has not demonstrated actual innocence or established cause

> and prejudice for the abuse. It would not, therefore, be impermissibly retroactive to apply § 2244(b)(2)'s gatekeeping standards to Petitioner. Petitioner has not satisfied those standards. In particular, Petitioner has not shown that he relies on either "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," or a factual predicate that "could not have been discovered previously through the exercise of due diligence." See 28 U.S.C. § 2244(b)(2).

<u>In re: Thomas Brady Mathis</u>, No. 09-4262 (3d Cir. Dec. 23, 2009) (Order denying request to file second or successive *habeas corpus* petition) (internal citations omitted).

On November 8, 2012, the Third Circuit again denied the request*:*

> The foregoing application under 28 U.S.C. § 2244 to file a second or successive 28 U.S.C. § 2254 petition is denied. Petitioner has failed to show that he would have been entitled to pursue his proposed *habeas* petition under pre-AEDPA law, and thus, the gatekeeping provisions of § 2244(b) apply. The claims that Petitioner seeks to present do not meet the section 2244(b)(2) requirements. None of the claims relies on a new rule of constitutional law. Petitioner falls short of showing that the asserted newly-discovered factual predicate, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of his crime under the law as it stood at the time of his conviction.

<u>In re: Thomas Brady Mathis</u>, No. 12-3917 (3d Cir. Nov. 8, 2012) (Order denying request to file second or successive *habeas corpus* petition) (internal citations omitted).

Mr. Mathis's current motion for 60(b) relief, then, is an improper attempt to pursue a successive *habeas* petition after the Third Circuit had already denied him permission to do so. Moreover, Mr. Mathis has not demonstrated that there was fraud or

5

any other defect in the integrity of the *habeas corpus* proceedings as is required. Finally, I note that Mr. Mathis has not demonstrated extraordinary circumstances or any other grounds for vacating the determination of his petition for *habeas corpus* relief.

Accordingly, because this court lacks jurisdiction to consider the motion, I will deny it in its entirety. An appropriate Order follows.